IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNDRANECKIO BRASSFIELD, #L6103**                                       **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 3:16-cv-98-HTW-LRA**

**WARDEN BRIAN LADNER,**
**TIRAH WESLEY and ASHLEE TERRY**                                **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, sua sponte, for consideration of dismissal. Plaintiff Brassfield, an inmate of the Mississippi Department of Corrections (MDOC), brings this pro se Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. *See* Order [5]. The named Defendants are Brian Ladner, Warden at Central Mississippi Correctional Facility (CMCF); Lieutenant Tirah Wesley, Disciplinary Hearing Officer at CMCF; and Ashlee Terry, Officer at CMCF. The Court, having liberally construed Plaintiff's Complaint [1] and Response [7], in consideration with the applicable law, finds that this case should be dismissed.

**I.**     **Background**

On October 14, 2015, Plaintiff was found guilty of a prison rule violation report (RVR) for assault. The punishment for this disciplinary conviction was loss of phone privileges, visitation, and commissary privileges for 30 days. Plaintiff also complains that he lost his prison job and was unable to attend a funeral because of this disciplinary conviction. Plaintiff's appeal of this RVR and resulting punishment was denied by Warden Ladner.

Plaintiff asserts various complaints regarding the RVR and disciplinary process,

which he claims violates MDOC policy and his constitutional right to due process. Specifically, Plaintiff argues that Officer Terry made mistakes in filling out the Rule Violation Report form, including a citation to the wrong offense violation number.  Plaintiff further complains that Defendant Wesley forced him to be a witness against himself and she altered the offense violation number on the report at the disciplinary hearing.  Plaintiff complains that despite these errors, he was found guilty of the RVR and his appeal of the disciplinary action was denied by Warden Ladner.  As relief, Plaintiff is seeking expungement of the disciplinary proceedings from his prison record and "sanctions from these officials from further injustice."  Compl. [1] at 4.

## II.     Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or  "is frivolous or malicious."  *See* 28 U.S.C. § 1915 (e)(2)(B).  The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success."  *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992).  Since the Court has permitted Plaintiff Brassfield to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States."  *Bryant v. Military Dep't of the State of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010).

Initially, the Court notes that discipline of inmates by prison officials is "within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner,* 515 U.S. 472, 485 (1995).

Plaintiff is asserting that his constitutional right to due process was violated when he lost prison privileges for 30 days and when he was denied relief in the prison grievance process. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. In the prison context, a constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484.

Plaintiff's loss of prison privileges, such as telephone use, visitation, and commissary privileges, as punishment "are in fact merely changes in the conditions of his confinement and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Fifth Circuit has specifically addressed the loss or restriction of most prison privileges and determined that protection under the Due Process Clause is not available. *See Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. 2002) (finding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, resulting from allegedly false disciplinary charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (holding inmate has no constitutional right to visitation privileges); *Bulger v. United States*, 65 F.3d 48, 50 (5th Cir.1995)(finding inmate's loss of prison job did not implicate a liberty interest even though the inmate lost the ability to automatically accrue good-time credits). Since Plaintiff does not

have a constitutionally protected right to certain privileges while in prison, his due process claim fails.

Likewise, the Court finds that to the extent Plaintiff is claiming that MDOC policy and procedure was violated by the complained of RVR and resulting disciplinary process, he is not entitled to relief under § 1983. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.") (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)).

In addition, the Court finds that Plaintiff does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005). Therefore, claims that appeals within the prison grievance system are "arbitrarily and capriciously denied" are not cognizable. *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (finding "a prisoner does not have a constitutional right to a grievance procedure at all").

In *Jackson v. Dunn*, an inmate filed a § 1983 action claiming a prison official refused to investigate and expunge a false and retaliatory disciplinary conviction from his record. *Jackson v. Dunn*, 610 F. App'x 397 (5th Cir. 2015). The Fifth Circuit affirmed the District Court's denial of relief, finding:

> Jackson does not have a constitutional right to have his grievance resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices; thus, the denial of Jackson's grievance and the failure of [the Warden] to find that he was subjected to retaliation or due process violations does not implicate his constitutional rights or give rise to a § 1983 claim.

*Id*. at 398. Here, Brassfield's claims related to how his grievance or appeal of this disciplinary

action was handled by Warden Ladner fails to rise to the level of a constitutional deprivation actionable under § 1983. *Id.*; *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (finding inmate's claims regarding grievance process were properly dismissed as frivolous).

### III.   Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this civil action is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 12th day of April, 2016.

s/ HENRY T. WINGATE<br>UNITED STATES DISTRICT JUDGE